**Charlotte MANNS, Appellant–Plaintiff,**

v.

**Amos J. RICHIE, John M. Kopack, and Kopack & Associates, Appellees–Defendants.**

No. 37A03–1006–CT–294.

Court of Appeals of Indiana.

Nov. 15, 2010.

Jeffrey S. Wrage, Blachly Tabor Bozik & Hartman, LLC, Valparaiso, IN, Attorney for Appellant.

Daniel W. Glavin, Randall J. Nye, Beckman, Kelly & Smith, Hammond, IN, Attorneys for Appellee Richie.

## OPINION

BAKER, Chief Judge.

Appellant-plaintiff Charlotte Manns appeals the trial court's order granting summary judgment in favor of appellee-defendant Amos Richie on Manns's complaint for unjust enrichment. Manns argues that there are genuine issues of material fact rendering summary judgment inappropriate. Finding that summary judgment was not entered erroneously, we affirm.

### FACTS

Manns and Richie were married in 1996. On February 26, 1996, at the direction of his employer, Richie was working to construct scaffolding inside a Northern Indiana Public Services Company (NIPSCO) electrical generating station. While Richie and his fellow employees were working, toxic levels of ozone gas allegedly entered the area where Richie was working, causing him to sustain personal injuries. In May 1996, Manns and Richie filed a personal injury complaint against NIPSCO. Included in the complaint was a loss of consortium claim alleged by Manns, and they requested damages individually and in their joint capacity. Appellee-defendant John M. Kopack was the attorney representing Manns and Richie in the NIPSCO litigation.

In August 1996, Manns filed a petition to dissolve her marriage to Richie. The decree of dissolution of marriage was entered on July 22, 1997, and the decree incorporates the parties' agreement for child custody, visitation, support, and property settlement. The decree also addressed attorney fees: "[Richie] shall pay to [Manns's] attorney ... the sum of $1,243.00 with $500.00 being paid immediately and the remainder being entered as a judgment and paid when [Richie] receives a settlement from a civil suit he currently has instituted." Appellant's App. p. 72. The decree was otherwise silent as to the pending NIPSCO litigation.

Following the divorce, Kopack continued to represent Richie and Manns in the NIPSCO litigation. *Id.* at 121–22. On June 10, 2008, the NIPSCO litigation was dismissed following a settlement agreement. Without Manns's consent or knowledge, Kopack and Richie had executed and returned to NIPSCO a settlement agreement and release and a stipulation for dismissal with prejudice in exchange for $750,000. Manns did not take part in the settlement discussions and received no funds for the dismissal of her loss of consortium claim.

On March 5, 2009, Manns filed a complaint against Richie, Kopack, and Kopack's law firm, Kopack & Associates, alleging unjust enrichment against Richie and Kopack and legal malpractice against Kopack and his law firm. On September 22, 2009, Richie filed a motion for summary judgment, and on January 5, 2010, Kopack joined the motion. Following a hearing, on May 6, 2010, the trial court denied the motion as to Kopack but granted it as to Richie, finding as a matter of law that Manns did not confer any benefit upon Richie. Manns now appeals.

### DISCUSSION AND DECISION

Manns argues that there are genuine issues of fact rendering the trial court's summary judgment ruling in Richie's favor erroneous. Summary judgment is appropriate only if the pleadings and evidence considered by the trial court show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Ow-*

*ens Corning Fiberglass Corp. v. Cobb,* 754 N.E.2d 905, 909 (Ind.2001); *see also* Ind. Trial Rule 56(C). On a motion for summary judgment, all doubts as to the existence of material issues of fact and inferences from those facts must be resolved against the moving party. *Owens Corning,* 754 N.E.2d at 909. If there is any doubt as to what conclusion a jury could reach, then summary judgment is improper. *Id.*

 Manns contends that the trial court erred by ruling in Richie's favor on Manns's claim for unjust enrichment. Our Supreme Court has explained that a "claim for unjust enrichment 'is a legal fiction invented by the common law courts in order to permit a recovery ... where the circumstances are such that under the law of natural and immutable justice there should be a recovery....'" *Zoeller v. East Chicago Second Century, Inc.,* 904 N.E.2d 213, 220 (Ind.2009) (quoting *Bayh v. Sonnenburg,* 573 N.E.2d 398, 408 (Ind.1991)). To prevail on a claim of unjust enrichment, the plaintiff must establish that she conferred a measurable benefit on the defendant under circumstances in which the defendant's retention of the benefit without payment would be unjust. *Zoeller,* 904 N.E.2d at 220.

Here, at the time Richie and Kopack settled the NIPSCO litigation, Richie and Manns had been divorced for approximately nine years. Under these circumstances, Richie had neither actual nor apparent authority to settle on his ex-wife's behalf. *See Anthony v. Ind. Farmers Mut. Ins. Group,* 846 N.E.2d 248, 254 (Ind.Ct.App. 2006) (explaining that two main classification of an agent's authority are actual and apparent authority; actual authority is created by principal's conduct causing the agent to believe he has authority; apparent authority is created by principal's conduct causing a third party to believe agent has authority). Consequently, Richie could not possibly have settled Manns's claims. He was entitled to recover only his own damages from NIPSCO; therefore, the $750,000 that he received were solely compensating for *his* damages, not Manns's. In other words, Manns has conferred no benefit upon Richie because he was compensated only for his own claims. As a matter of law, therefore, Manns has failed to establish that Richie was unjustly enriched, and the trial court properly entered summary judgment on his behalf.[1]

We note that as Manns's attorney, Kopack may have been authorized to settle on her behalf, and allegedly did so without her consent. Therefore, to the extent that she can establish damages, the party from whom she should seek redress is Kopack, not Richie.

The judgment of the trial court is affirmed.

MATHIAS, J., and NAJAM, J., concur.

---

1. We agree with Manns that the provision in the divorce decree setting forth a timeline for the payment of her attorney fees by Richie does not evince an agreement by the parties for Manns to forego any proceeds of the NIP-SCO litigation in exchange for the payment of her attorney fees in the divorce. That said, she does not ultimately prevail against Richie for the reasons set forth herein.